## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Jose Daniel Deras Lopez

       v.                                   Case No. 23-cv-552-LM-TSM

FCI Berlin, Warden

## **REPORT AND RECOMMENDATION**

Petitioner Jose Daniel Deras Lopez, a federal prisoner presently housed at FCI Oxford and proceeding pro se, filed this petition for habeas corpus relief under 28 U.S.C. § 2241 while he was a prisoner at FCI Berlin. Deras Lopez asks the court to direct the respondent, the FCI Berlin Warden, to apply credits he asserts he earned under the First Step Act, 18 U.S.C. § 3632(d)(4), toward early release and transfer to a residential reentry center or home confinement. In his petition, Deras Lopez argues that the Bureau of Prisons ("BOP") wrongly refuses to apply his credits toward early release or transfer based on an illegal "Notice and Order of Expedited Removal."

The Warden moves to dismiss on two bases, arguing (1) that the court lacks jurisdiction over Deras Lopez's petition because the BOP transferred him to another federal facility outside the District of New Hampshire, and (2) that Deras Lopez failed to exhaust his administrative remedies. Doc. no. 5. Deras Lopez did not file an objection.[1] For the following reasons, the district judge should deny the Warden's motion to dismiss.

---

[1] A court may apply a local rule deeming a nonmovant's failure to object to be a waiver of any objection, if the dismissal would not offend equity and the local rule does not conflict with any provision of the Federal Rules of Civil Procedure. See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002). Although Deras Lopez failed to file any objection to the Warden's motion to dismiss, the court declines to apply LR 7.1(b) in this circumstance, in light of the petitioner's pro se and incarcerated status, the nature of the motion, the lack of any prior court order specifically alerting this petitioner to the risk of dismissal if he did not object, and the petitioner's filings and payment of the filing fee in April and May 2024 indicating that he has not abandoned this case.

## BACKGROUND

In 2017, Deras Lopez was convicted in the Middle District of Florida for drug-trafficking offenses and sentenced to 120-months imprisonment.  See United States v. Deras Lopez, No. 17-13848, 733 Fed. Appx. 520, 521-22 (11th Cir. May 25, 2018).  In his § 2241 petition, Deras Lopez alleges that he earned a total of 855 days of First Step Act credits, 365 of which should apply toward early release and 490 of which should apply toward placement in a residential reentry center or home confinement.  BOP records indicate that Deras Lopez's release date, without the application of any FSA time credits, is October 10, 2025.  BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 23, 2024).[2]  Deras Lopez alleges that with his FSA credits he would have been placed in a residential reentry center in 2023.

When Deras Lopez filed his petition in December 2023, the BOP held him at FCI Berlin, a federal prison located within the District of New Hampshire.  In his motion to dismiss, the Warden represented that, since that time, the BOP transferred Deras Lopez to the Oklahoma City Federal Transfer Center.  The BOP now holds Deras Lopez at FCI Oxford, a federal prison within the Western District of Wisconsin.  Id.  Deras Lopez did not use the BOP's administrative remedies to seek application of earned First Step Act time credits to his sentence.

## LEGAL STANDARD

The court addresses a motion to dismiss a petition under § 2241 using the same principles as a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)(6).  Iler-Reyes v. Warden, FCI Berlin, No. 23-cv-553-SM-AJ, 2024 WL 1773616, at *1, 2024 U.S. Dist. LEXIS 76892 (D.N.H. Apr. 3, 2024) (citing Walsh v. Boncher, 652 F. Supp. 3d 161, 164 (D. Mass.

---

[2] The information in the BOP Online Inmate Locator is self-authenticating and properly the subject of judicial notice.  See Fed. R. Evid. 201(b)(2); United States v. Rivera, 466 F. Supp. 310, 313 (D. Conn. 2020).

2023)), R&R adopted, 2024 WL 1770776, 2024 U.S. Dist. LEXIS 74280 (Apr. 24, 2024).  Under the Rule 12(b)(6) standard, the court must analyze whether a complaint contains enough "factual matter" to show that the petitioner has a plausible entitlement to relief under the prevailing law. See Burt v. Bd. of Tr. of Univ. of R.I., 84 F.4th 42, 50 (1st Cir. 2023).  In evaluating whether the petitioner pleaded a plausible entitlement to relief, the court must accept his factual allegations as true, and it must draw all reasonable inferences in his favor.  See id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Generally, the court may consider only the facts alleged in the petition, exhibits attached to it, and other materials that are fairly incorporated or are subject to judicial notice such as matters of public record.  Lowe v. Mills, 68 F.4th 706, 713-14 (1st Cir. 2023); see Butler v. Balolia, 736 F.3d 609, 611 (1st Cir. 2013).  Additionally, as a pro se litigant, Deras Lopez is entitled to a liberal construction of his pleadings.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Exhaustion of BOP remedies is an affirmative defense.  "Where a court grants a Rule 12(b)(6) . . . motion based on an affirmative defense, the facts establishing that defense must: (1) be 'definitively ascertainable from the complaint and other allowable sources of information,' and (2) 'suffice to establish the affirmative defense with certitude.'" Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008) (citation omitted).  "In other words, before a motion to dismiss can be granted on the basis of an affirmative defense, the [petitioner] must 'affirmatively plead himself out of court' by alleging 'everything necessary to satisfy the affirmative defense.'" Urena v. Travelers Cas. & Sur. Co. of Am., No. 22-cv-200-PB, 2024 DNH 006, 2024 WL 406563, at *6, 2024 U.S. Dist. LEXIS 18343 (D.N.H. Feb. 2, 2024).

## DISCUSSION

The Warden argues that the court lacks jurisdiction over Deras Lopez's petition because he was transferred to a prison in another district and that Deras Lopez failed to exhaust his administrative remedies. As noted, Deras Lopez did not file an objection.

## I.    Jurisdiction

The proper respondent in a petition for habeas corpus brought under 28 U.S.C. § 2241 is the person who has immediate physical custody over the petitioner. See Rumsfeld v. Padilla, 542 U.S. 426, 435-36 (2004). And to issue a writ of habeas corpus, the court must "have jurisdiction over the custodian." Padilla, 542 U.S. at 442 (quoting Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 495 (1973)). In this case, the FCI Berlin Warden was Deras Lopez's immediate physical custodian when he filed the petition, but the BOP transferred Deras Lopez to another federal facility, meaning that the FCI Berlin Warden no longer has immediate physical custody over him.

Although the First Circuit has not addressed the issue, several courts – including several other courts of appeals and judges in the Districts of New Hampshire and Massachusetts – have found that district courts are not divested of jurisdiction despite a petitioner's transfer to another federal facility (and different immediate physical custodian) if jurisdiction properly attached when the inmate filed his § 2241 petition. See, e.g., Cummings v. Warden, FCI Berlin, No. 22-cv-468-SM-AJ, 2024 WL 1256068, at *3-*4, 2024 U.S. Dist. LEXIS 52038 (D.N.H. Mar. 25, 2024) (collecting cases, including opinions from the Third, Seventh, Ninth, and Tenth Circuits); Yancey v. Warden, FMC Devens, 682 F. Supp. 3d 97, 100 (D. Mass. 2023); Fox v. Warden, FCI Berlin, No. 21-cv-158-SE, 2022 DNH 051, 2022 WL 1085311, 2022 U.S. Dist. LEXIS 66766 (D.N.H. Apr. 11, 2022); accord Jones v. FCI Berlin, No. 21-cv-767-SE, 2023 DNH 019, 2023 WL

2186459, 2023 U.S. Dist. LEXIS 29800 (D.N.H. Feb. 22, 2023); see also Ex parte Endo, 323 U.S. 283, 304-06 (1944) (holding that when the government moves a habeas petitioner after he properly files a petition naming his immediate custodian, the district court retains jurisdiction and may direct a writ of habeas corpus to a respondent in its jurisdiction who has the legal authority to effectuate the petitioner's release).  In short, there is "substantial persuasive authority supporting the conclusion that the court retains jurisdiction over [the prisoner's] petition, despite his recent transfer to another district," Cummings, 2024 WL 1256068, at *4, because the court may direct the writ to "any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Fox, 2022 WL 1085311, at *3 (quoting Endo, 323 U.S. at 304-07).

As in Cummings and Fox, this court obtained subject matter jurisdiction over Deras Lopez's petition and over the respondent FCI Berlin Warden, in his official capacity, when Deras Lopez filed the case at the time the Warden was his immediate physical custodian.  See 28 U.S.C. §§ 2241(a), 2243.  And because the BOP, operating through the Warden, remains present in this district with legal authority to effectuate Deras Lopez's release, Deras Lopez's subsequent transfer to a federal facility located in another district does not divest this court of jurisdiction to grant relief.  See Cummings, 2024 WL 1256068, at *3-4; Fox, 2022 WL 1085311, at *3.

## II.    **Exhaustion of Administrative Remedies**

The Warden also contends that even if the court retains jurisdiction, Deras Lopez failed to exhaust his administrative remedies, which requires dismissal.  In his petition, Deras Lopez conceded that he did not exhaust administrative remedies but asserted that he should be excused because he lacks sufficient time prior to his release to request relief through the BOP's administrative process.  He further asserts that exhausting remedies would be futile because the administrative body charged with evaluating his claims is biased or will predetermine the issue.

Federal common law imposes an administrative remedy exhaustion requirement on § 2241 petitions.  E.g., Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999); Iler-Reyes, 2024 WL 1773616, at *2.  Courts have recognized exceptions to the common-law administrative exhaustion requirement for futility and inadequacy to prevent irreparable harm.  Iler-Reyes, 2024 WL 1773616, at *2.  As noted in similar cases, the First Circuit has not addressed "whether the proximity of a prisoner's release date can provide grounds for the court to waive the exhaustion requirement" and "[o]ther courts have reached mixed results."  Id. at *3 (collecting cases).  In Iler-Reyes, the court denied a motion to dismiss premised on failure to exhaust administrative remedies after taking "as true each of [the petitioner's] assertions including the timing and likelihood of his placement in a Residential Reentry Center, his FSA credits, his release date, and the time it would take to exhaust BOP remedies . . . ."  Id.

Deras Lopez's petition is premised on substantially similar allegations and circumstances as the petition in Iler-Reyes.  See id. at *1-*2.  Therefore, at this early stage the Warden has not established conclusively all elements of the affirmative defense of exhaustion.

## CONCLUSION

The district judge should deny the Warden's motion to dismiss (doc. no. 5).  Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The objection period may be extended upon motion.  Only those issues raised in the written objections "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal."  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

July 29, 2024

cc:     Jose Daniel Deras Lopez, pro se

       Counsel of Record